UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ADAM DAVID EZELL,

          Plaintiff,

v.                                                    Case No. 20-cv-1322-pp

UNITED STATES OF AMERICA, *et al.*,

          Defendants.

---

**ORDER CONSTRUING LETTER AS A MOTION TO WAIVE TRUST ACCOUNT REQUIREMENT (DKT. NO. 7), DENYING REQUEST AND REQUIRING PLAINTIFF TO FILE A TRUST ACCOUNT STATEMENT FOR THE PERIOD FROM MID-MARCH 2020 THROUGH JUNE 23, 2020**

---

Plaintiff Adam Davis Ezell[1] is a federal inmate and is representing himself in this civil rights lawsuit. The plaintiff signed the complaint on August 22, 2020. Dkt. No. 1 at 9. He indicated that he was in custody at USP Terre Haute. Id.

Along with his complaint, the plaintiff filed a Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee. Dkt. No. 2. Under 42 U.S.C. §1997e(h), the Prisoner Litigation Reform Act ("PLRA") (which applies to this case because the plaintiff was incarcerated when he filed it), a plaintiff must pay an initial partial filing fee as a condition of proceeding without prepaying the entire filing fee. 28 U.S.C. §1915(b). For the court to calculate that fee, the plaintiff must provide the court with a certified trust account statement for the six months preceding the date on which he filed his lawsuit.

---

[1] The plaintiff also uses the middle name "Daywone." See, *e.g.*, Dkt. No. 2.

1

28 U.S.C. §1915(a)(2). The first page of the Prisoner Request form states as much; in bold type, it instructs the person filling out the form to "[a]ttach a certified copy of your prison trust account statement showing transactions for the six-month period immediately preceding the filing of this request and showing the current balance of your account." Dkt. No. 2 at 1. The plaintiff did not follow this instruction; he did not file a certified copy of his trust account statement for the six months preceding his lawsuit (mid-February through mid-August, 2020).

The day after it received the complaint, the clerk's office sent the plaintiff a letter telling that he "**must** submit [his] certified institutional trust account statement **within 21 days**." Dkt. No. 3. Not quite three weeks later, the court received from the plaintiff a list of transactions from his USP Terre Haute trust account generated August 11, 2020 and covering the period June 23 through August 10, 2020—not quite two months. Dkt. No. 4. The clerk's office sent the plaintiff another letter, explaining that was required to submit his trust statement "**for the past six months**" and explaining, "[i]f you have been incarcerated in more than one institution during the past six months, please provide statements from all institutions." Dkt. No. 6. The letter told the plaintiff that the court must receive either a certified trust account statement for the preceding six months or a letter explaining why he couldn't provide one. Id.

On October 6, 2020, the court received a letter from the plaintiff. Dkt. No. 2. The letter stated that the plaintiff was "stuck in hold" at USP Terre Haute due to COVID-19. It indicated that the plaintiff was designated for USP

2

Case 2:20-cv-01322-PP   Filed 12/23/20   Page 2 of 5   Document 8

Beaumont in Texas, and said that "therefore the institution can not give me an account statement for 6 months cause I have not been here for 6 months and thats why I sent the account stament you guys already have because thats what Terre Haute institution provided even though I told staff at the Institution I needed a account statement for 6 months, staff told me thats all they could provide for me." Id. The plaintiff said he previously had been at FCI Oxford, "so of course I have no way to get a account statement from them because Im no longer there." Id.

It appears that the plaintiff is asking the court to waive the requirement that he provide six months' worth of trust account statements. The PLRA requires an incarcerated plaintiff who seeks to proceed without prepaying the filing fee to submit a trust account statement or statements covering the six months prior to the date he filed the lawsuit regardless of the number of institutions in which he may have been incarcerated during that time. The court will deny the plaintiff's request to waive that requirement.

It appears that the staff at Terre Haute told the plaintiff that they could give him a trust account only for the time he had been at Terre Haute. That doesn't mean the plaintiff cannot get a trust account statement from the staff at FCI Oxford. The plaintiff will need to write to the business office at FCI Oxford and ask them to submit a certified copy of his trust account statement for the period from February 27, 2020 until the plaintiff was transferred to Terre Haute. If the plaintiff was incarcerated at another institution between

3

February 27, 2020 and June 23, 2020, he will need to write to that institution, too.

The court understands that requesting a statement from another institution (or institutions) will take some time and that the COVID-19 pandemic is affecting institutions and the postal service, the court will afford the plaintiff six weeks to provide the court with trust account statements covering the entire period from February 27, 2020 through the date he filed the complaint. If the plaintiff does not file trust account statements covering that period, or ask for more time to do so, by the end of the day on **February 8, 2021**, the court will dismiss the case without prejudice and without further notice.

The court notes that the plaintiff now is in custody at USP Beaumont in Texas. See https://www.bop.gov/inmateloc/. Perhaps the plaintiff has sent the court a change of address form and the court has not yet received it. The court advises the plaintiff that it is his responsibility to update the court when he changes institutions, and that failure to update his address in the future may result in his case being dismissed.

The court **ORDERS** that the plaintiff must provide the court with trust account statements covering the period February 27, 2020 through the date he filed the complaint, in time for the court to *receive* them by the end of the day on **February 8, 2021**. If the court has not received the full six months' worth of trust account statements, or a request for additional time to provide them, by

4

the end of the day on February 8, 2021, the court will dismiss the case without further notice or hearing.

Dated in Milwaukee, Wisconsin, this 23rd day of December, 2020.

**BY THE COURT**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**